JUSTICE LEAPHART,
dissenting.
¶41 I dissent. As the Court’s opinion notes, the purpose of § 27-1-710(6), MCA, is to provide a purveyor of alcohol notice of a potential claim arising out of an incident at which the purveyor “most likely was not present.” Opinion, ¶ 33. Under the facts of the present case, it is clear that the Stumble Inn was, in fact, on notice of the incident. Its employees were very much aware of Warren’s consumption of alcohol while at the Inn and, more importantly, were aware that, upon leaving the Inn, he got in his car and was involved in a serious automobile accident within 150-some feet of the Inn. One of the Inn’s bartenders (Lisa Foley) was interviewed that night and told the investigating Sergeant that Warren had about a beer an hour throughout her shift, which began at 6 p.m. and then had a shot for a nightcap as she was closing around 1 a.m. She had encouraged Warren to call for a ride or get a taxi, but he refused.
¶42 Although Rohlfs did not provide notice within 180 days, as required by § 27-1-710(6), MCA, such notice would have been entirely superfluous since the Inn, through its employees, was aware of the incident shortly after it occurred. As the Court recognizes, the purpose of the statute is to provide purveyors of alcohol sufficient opportunity *145 to “locate witnesses and preserve potential evidence.” Here, the Stumble Inn, whose employee/bartender was interviewed that night, was not denied that opportunity. If anything, the Inn was in a better position to begin gathering evidence than Cary Rohlfs, who was seriously injured. Neither law nor equity require useless acts. Stockman Bank of Mont. v. Mon-Kota, Inc., 2008 MT 74, ¶ 41, 342 Mont. 115, 132, 180 P.3d 1125, 1137. Had Rohlfs given the required notice within the 180 days, Stumble Inn’s ability to gather evidence would not have been any better than it was a few hours after the incident.
¶43 As argued by the Rohlfs, it is evident from the law enforcement interview and public court records that the passage of time has not hindered the investigation and development of the facts.